William J. CONWAY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 94–C–1403.

United States District Court,
D. Colorado.

Aug. 18, 1995.

Brian E. Bates, Denver, CO, for Plaintiff.

Joel J. Roessner, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, William G. Pharo, Assistant U.S. Attorney, Washington, DC, for Defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff William Conway commenced this action against defendant the United States seeking an order declaring an Internal Revenue Service (IRS) assessment under the Internal Revenue Code (Code), 26 U.S.C. §§ 1 *et seq.*, void and unenforceable. Plaintiff also seeks a refund of a sum paid as a divisible portion of that assessment. Defendant has counterclaimed seeking to reduce the assessment to judgment.

Plaintiff has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant has responded by opposing that motion, and the plaintiff has filed a reply. The issues have been fully briefed and oral argument would not be helpful. Jurisdiction is asserted under 28 U.S.C. §§ 1340 and 1346(a)(1).

## I. *BACKGROUND.*

On May 11, 1984, the plaintiff filed a personal bankruptcy petition pursuant to Chapter 7 of the U.S. Bankruptcy Code, 11 U.S.C. § 301 *et seq.* Plaintiff's bankruptcy proceeding remained open and pending from that date until November 21, 1988, except for a two week period from October 9, 1984 through October 23, 1984.[1] The IRS re-

ceived notice of that proceeding on or about February 8, 1985.

On June 6, 1986, the IRS assessed against the plaintiff unpaid employment taxes under § 6672 of the Code. On February 26, 1994, the plaintiff filed with the IRS a claim for refund and request for abatement, contending that the assessment violated the bankruptcy court's automatic stay provided by 11 U.S.C. § 362. On April 14, 1994, the IRS denied that claim.

On June 10, 1994, the plaintiff paid the IRS $100.00 as a divisible portion of the assessment. He then commenced this refund action.

## II. *ANALYSIS.*

■ Summary judgment is proper if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may not rest upon mere allegations of the complaint, but must set forth evidence of specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

■ Plaintiff first seeks an order declaring the IRS assessment void and unenforceable. Although there is a split in the circuits regarding whether actions taken in violation of a bankruptcy automatic stay are void or merely voidable, the Tenth Circuit has held that such actions are void and without effect. *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir.1990). However, the Tenth Circuit also has held that equitable

---

**1.** On October 9, 1984, the plaintiff was granted a discharge; however, that order was vacated on October 23, 1984.

principles may apply to violations of such a stay. *In re Calder*, 907 F.2d 953, 956 (10th Cir.1990). In *Calder*, the Court of Appeals refused to allow a party to claim protection of the automatic stay where that party had actively litigated a state court action while failing to provide the state court opponent notice of a pending bankruptcy proceeding. The Tenth Circuit noted that "[t]he existing case law indicates that courts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the creditor's plight". *Id.*

Defendant admits that the instant assessment was made during pendency of the plaintiff's bankruptcy case and therefore violated the automatic stay provisions. Defendant contends, however, that the assessment should be held valid on equitable grounds. I disagree. Here, unlike *In re Calder*, there is no allegation that the defendant was without actual knowledge of the bankruptcy petition at the time of the assessment. Nor is there any evidence that the plaintiff's behavior contributed to the defendant's plight.[2] Defendant has failed to demonstrate any other equitable considerations sufficient to convince the court that its assessment should be upheld.[3] Accordingly, I find and conclude that the IRS assessment against the plaintiff is void.

■ Plaintiff next seeks a refund of the $100.00 paid as a divisible portion of the IRS assessment. Defendant contends that this court has no jurisdiction to order such a refund, for the asserted reason that the plaintiff has not followed the procedure prescribed for filing a claim for refund.

■ Before a tax refund suit may be maintained, a claim for refund must be filed with the IRS. 26 U.S.C. § 7422(a). However, a formal claim for refund and request for abatement are not necessary. Rather, all that is needed is a timely informal claim that serves to put the IRS "on notice that a right is being asserted with respect to an overpayment of tax." *Furst v. United States*, 678 F.2d 147, 151 (1982).

Plaintiff admits that, prior to commencing this action, he did not file a claim for refund and request for abatement with respect to the $100.00 payment. However, the plaintiff did file such a claim and request with respect to the IRS assessment. By filing that claim and request, the plaintiff clearly put the IRS on notice that a right was being asserted with respect to sums paid pursuant to the assessment. Thus, I find and conclude that the plaintiff afforded the IRS sufficient notice that he was asserting a right to the $100.00 payment. Moreover, because I have concluded that the IRS assessment is void, the plaintiff is entitled to a refund of that payment toward the assessment.

■ Plaintiff requests an award of attorneys fees pursuant to § 7430. However, I find the defendant's position does not lack substantial justification. Accordingly, that request will be denied.

■ Finally, the plaintiff appears to seek a determination that any re-assessment of liability by the IRS under § 6672 would be barred by the statute of limitations set forth at § 6501 of the Code. Plaintiff has conceded, however, that, because the IRS has not attempted to re-assert such liability, the issue is not ripe for determination. Accordingly, I decline to rule on that issue.

Accordingly, IT IS ORDERED that

(1) Plaintiff's motion for summary judgment is granted;

(2) Judgment shall enter on behalf of the plaintiff and against the defendant declaring void the IRS § 6672 assessment;

---

**2.** The parties agree that the IRS was notified regarding the plaintiff's bankruptcy proceedings in February 1985, and that the plaintiff never took any action to conceal the proceedings.

**3.** Defendant alleges that the assessment should be held valid because the plaintiff was denied a bankruptcy discharge. However, the defendant has cited no Tenth Circuit law supporting the proposition that an assessment that violates the bankruptcy stay may be held valid merely because a discharge is denied.

(3) Defendant is ordered to repay to the plaintiff the $100 paid on the void assessment;

(4) Judgment shall also enter on behalf of the plaintiff and against the defendant with respect to the defendant's counterclaim seeking to reduce the § 6672 assessment to judgment;

(4) Plaintiff's request for attorney fees is denied;  and

(5) The court declines to rule on the plaintiff's request for a determination that any re-assessment of liability under § 6672 would be barred by § 6501 of the Code.