UNITED STATES of America,
Plaintiff,

v.

James W. WHITE, Defendant.

CIV.A. No. 1:04–CV1901MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 2, 2005.

Laura Kennedy Bonander, U.S. Attorney's Office, Atlanta, GA, Michael N. Wilcove, U.S. Department of Justice, Washington, DC, for Plaintiff.

Shawn David Scott, William Charles Buhay, Weinberg Wheeler Hudgins Gunn & Dial, Atlanta, GA, for Defendant.

## ORDER

SHOOB, Senior District Judge.

Presently before the Court are the parties' cross motions for summary judgment. The Court's rulings are set forth below.

*Background*

This case involves liability for failing to pay withheld employment taxes. The tax code and the regulations thereunder require employers to withhold taxes from employees' paychecks. These withheld funds constitute a trust in favor of the United States, and the employer is liable for any amounts withheld. Officers responsible for the collection and payment of these withheld taxes, who willfully fail to do so, are personally liable for a "penalty" equal to the amount of the delinquent taxes. *Smith v. United States,* 894 F.2d 1549, 1553 (11th Cir.1990). The government brought this action against defendant to reduce liability to judgment for a "penalty" imposed pursuant to 26 U.S.C. § 6672.[1]

On May 3, 1993, defendant filed for bankruptcy under Chapter 11. The bankruptcy court confirmed defendant's reorganization plan on May 18, 1994. On July 4, 1994, a delegate of the Secretary of the Treasury assessed a § 6672 penalty against defendant for $109,724.30.[2] The basis for the assessment was that defendant was the person responsible for collecting, accounting for, or paying over withheld taxes for employees of W.C.C., Inc., for the last quarter of 1991 and the last three quarters of 1992. The bankruptcy court entered a final decree in defendant's case on December 12, 1994. The government filed no other assessments against defendant for the amount it seeks in this case.

Defendant now moves for summary judgment arguing that the government's claim in this case is barred by the statute of limitations. He argues that the government's assessment on July 4, 1994, is void because it was filed in violation of the automatic stay provisions of 11 U.S.C. § 362, and that the government failed to file any other assessments under § 6672 against him within the three-year statute of limitations. The government contends that the assessment is not void, and therefore, that the government's claim was filed within the applicable time period.

The government also moves for summary judgment arguing that the assessment is presumed correct and defendant is unable to rebut the presumption of correctness. Defendant reiterates that the government's claim is time barred, the government's own evidence reveals that defendant does not owe taxes, and that the government has failed to carry its burden of proving that defendant willfully failed to pay the alleged debt.

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

1. Section 6672 of the Code provides: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

2. The assessment of a tax or penalty by the IRS is essentially a bookkeeping procedure that permits the government to collect a tax. *Laing v. United States,* 423 U.S. 161, 170 n. 13, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); *Williams–Russell & Johnson v. United States,* 371 F.3d 1350, 1352 (11th Cir.2004). An assessment is the basis on which the IRS takes action against those who do not voluntarily pay their taxes. *Zeier v. United States,* 80 F.3d 1360, 1364 (9th Cir.1996).

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Apcoa, Inc. v. Fidelity National Bank*, 906 F.2d 610, 611 (11th Cir.1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. Thus, to survive a motion for summary judgment, the nonmoving party must come forward with specific evidence of *every* element material to that party's case so as to create a genuine issue for trial.

The Rule 56 standard is not affected by the filing of cross motions for summary judgment: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 at 335–36 (3d ed.1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *See United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984).

*Discussion*

A bankruptcy petition filed under Chapter 11 will automatically stay proceedings for collection against the debtor. *See* 11 U.S.C. § 362(a); *Bronson v. United States*, 46 F.3d 1573, 1577 (Fed.Cir.1995) ("Once a petition in bankruptcy has been

filed ... the 'automatic stay' provision, bars assessment against the bankrupt of any claim that arose before the commencement of the bankruptcy proceeding"). A stay under the act, other than a stay against property,[3] terminates either when the case is closed, dismissed, or if the case is under Chapter 11, at the time when the discharge is granted or denied. 26 U.S.C. § 362(c)(2). A discharge relieves the debtor from all debts that arose before the date of the order for relief. 11 U.S.C. § 727. The discharge occurs when the court confirms the reorganization plan, unless the plan or the court's order states otherwise or the debt cannot be discharged. 11 U.S.C. §§ 1141(d)(1) and (d)(2).

■ On May 3, 1993, when defendant filed a personal bankruptcy petition pursuant to Chapter 11 of the U.S. Bankruptcy Code, all proceedings, including tax assessments, for collection against defendant were automatically stayed. See 11 U.S.C. § 362(a)(6) (1993).[4] The parties dispute when the stay was lifted.

The government argues that the stay was lifted on May 18, 1994. On that date, the government argues that defendant received a discharge when the bankruptcy court confirmed the reorganization plan, and this discharge lifted the automatic stay. With the stay lifted, the government argues that its tax assessment against defendant on July 4, 1994, was valid and filed within the three-year statute of limitations. It was then required to bring this suit to reduce liability to judgment within ten

years of the date the penalty was assessed, or by July 4, 2004. See 26 U.S.C. § 6502(a). The government argues that since this action was filed on June 30, 2004, it is within the statute of limitations.

Defendant argues that the stay was not lifted until December 12, 1994, or July 17, 1994, at the earliest. First, assuming that the assessment was against him individually, defendant argues that the employment taxes were nondischargeable, and therefore, that the stay was not lifted until the case was closed or dismissed on December 12, 1994. Second, defendant argues that even if the debt was dischargeable, it was not discharged until July 17, 1994, because the reorganization plan attached to the court's confirmation order provided that the plan would not become effective until that date. Thus, regardless of whether the debt was dischargeable, defendant avers that the government's § 6672 penalty assessment on July 4, 1994, was void because it was made in violation of the automatic stay. Because the government made no other assessments under § 6672 against him, defendant argues that the government failed to file an assessment within the three-year statute of limitations.

■ Viewing all evidence and factual inferences in the light most favorable to the government, the Court finds that defendant's debt was nondischargeable. According to 11 U.S.C. § 1141(d)(2), the confirmation of a plan does not discharge the debtor from any debt excepted from discharge under § 523 of the same title. Sec-

---

3. A stay against the property of a debtor's estate terminates when the property is no longer the property of the estate. 26 U.S.C. § 362(c)(1). The property is no longer property of the estate when it re-vests in the debtor. This occurs when the court confirms the reorganization plan, except as provided otherwise in the plan or the court's order. 11 U.S.C. § 1141(b).

4. In 1994, Congress amended § 362 to exclude the assessment of taxes from the scope of an automatic stay in bankruptcy petitions filed on or after October 22, 1994. Defendant filed his bankruptcy petition before this amendment.

tion 523 provides that a discharge under § 1141 does not discharge an individual debtor from any debt for a tax of the kind and for the periods specified in §§ 507(a)(2) or (8). 11 U.S.C. § 523(a)(1)(A). Employment taxes pursuant to § 6672 are the kind of taxes found in §§ 507(a)(2) and (8)(C). *In re Gust*, 197 F.3d 1112, 1114 (11th Cir.1999); *In the Matter of Taylor*, 132 F.3d 256, 262–3 (5th Cir.1998) (the § 6672 penalty for withholding taxes falls within § 507(a)(8)(C)); *In re Clark*, 64 B.R. 437, 441 (Bankr.M.D.Fla. 1986). Because the employment taxes were nondischargeable, the stay could only be lifted when the case was closed or dismissed. *See* 11 U.S.C. §§ 362(2)(A) and (B). The bankruptcy court entered a final decree in defendant's case on December 12, 1994, and therefore, the stay was lifted on this date.

■ On July 4, 1994, when the government made its assessment, the stay was still in effect. Therefore, the Court finds that the government's tax assessment under § 6672 against defendant on July 4, 1994, is void and without effect because it was made in violation of the automatic stay.[5] *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992) (§ 6672 tax assessment was void because it was made in violation of automatic stay); *Conway v. United States*, 903 F.Supp. 1409, 1411 (D.Colo.1995) (government's § 6672 assessment was void because it was made during the pendency of the·debtor's bankruptcy case in violation of

the automatic stay and there were no other equitable grounds to uphold the assessment); *Olson v. United States*, 133 B.R. 1016, 1019–20 (D.Neb.1991) (government's § 6672 assessment was void *ab initio* and without effect because it was made against the debtor while a stay imposed by 11 U.S.C. § 362 was in effect); *see Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982) (actions taken in violation of the automatic stay are void and without effect).

Section 6501 of the tax code provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed," 26 U.S.C. § 6501(a); *see also United States v. Galletti*, 541 U.S. 114, 119, 124 S.Ct. 1548, 158 L.Ed.2d 279 (2004). Section 6503(h) of the tax code provides that the running of the statute of limitations for the making of assessments under Chapter 11 will be suspended for the period during which the Secretary is prohibited from making any assessments and for 60 days thereafter. 26 U.S.C. § 6503(h).

■ Having invalidated the government's assessment issued on July 4, 1994, and the government having made no other assessments under § 6672 against defendant, the Court concludes that the government's § 6672 claim against defendant is time barred by the statute of limitations because the government did not properly assess defendant within the applicable

---

**5.** Defendant also argues that the government made the § 6672 assessment against his property. He claims that the stay was lifted when the property re-vested in him and that this occurred when the plan became effective on July 17, 1994. Assuming that the government made the assessment against defendant's property, the reorganization plan attached to the bankruptcy court's confirmation order provides that the property would re-vest in defendant on the effective date. Therefore, the stay would not have been lifted until the property re-vested in defendant on the plan's

effective date of July 17, 1994. *See* 11 U.S.C. § 1141(b); 26 U.S.C. § 362(c)(1); *In re Linsenmeyer*, 92 Fed.Appx. 101, 102–03 (6th Cir. 2003) (property re-vested in debtor after court's confirmation of the plan and on plan's effective date according to the specific language in the plan and 11 U.S.C. § 1141(b)). Therefore, if the § 6672 assessment was against defendant's property, the Court would conclude that the government's assessment on July 4, 1994, violated the automatic stay and was void.

time period. *Lauckner v. United States,* 68 F.3d 69, 70 (3rd Cir.1995) (§ 6672 assessment was time barred because it was made more than three years from date when returns were deemed to have been filed); *see In re Prescription Home Health Care, Inc.,* 316 F.3d 542, 545 (5th Cir. 2002); *cf. Curasi v. United States,* 907 F.Supp. 373, 378 (M.D.Fla.1995) (assessments under § 6672 were timely because the government made them within three years after the stay was lifted).

*Summary*

Accordingly, the Court GRANTS defendant's motion for summary judgment [# 11–1]; DENIES the government's motion for summary judgment [# 14–1]; DENIES defendant's motion for an oral hearing on his motion [# 16–1]; GRANTS the government's motion for leave to supplement its motion for summary judgment [# 27–1]; and DISMISSES this case.