DYK, Circuit Judge,
dissenting, with whom Circuit Judges NEWMAN, LINN, and REYNA join.
The majority holds that a deficiency notice under I.R.C. § 6230 was not required because the assessment here involved a “computational adjustment,” as defined by I.R.C. § 6231(a)(6), and no individual partner level determinations were necessary. In my view, the majority has effectively rewritten the statute to virtually eliminate the requirement that the government establish the existence of a computational adjustment. I respectfully dissent.
In most cases, the IRS is barred from assessing and collecting taxes unless it has sent the taxpayer a notice of deficiency. Id., § 6213(a). The notice allows the taxpayer to contest the amount due before collection proceedings are initiated and to elect to litigate the merits of the alleged deficiency assessment in the Tax Court. However, the Code dispenses with the deficiency notice requirement when the assessment is merely conforming the taxpayer’s individual calculation of tax liability to *1335 a partnership’s treatment of partnership items (i.e., a “computational adjustment”). Id., § 6280(a)(1). The Code, however, also creates an exception to this exception where the treatment of a partnership item changes the taxpayer’s tax liability, but the tax computation still requires a determination of a partner level issue, that is, a non-partnership item.[1] The Code provides that a deficiency notice is required if the assessment is “attributable to ... affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items).” Id., § 6230(a)(2)(A)(i).[2] Thus, for there to be an exemption from the deficiency notice requirements, § 6230(a) imposes not only a requirement that there be a computational adjustment, but also a requirement that there not be an “affected item[ ] ... which require[s] partner level determinations.” Id.,
Focusing on the “computational adjustment” issue, the Code here defines that term as “the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item.” Id., § 6231(a)(6). The IRS may directly assess any “computational adjustment required to make the treatment of the items by such partner consistent with the treatment of the items on the partnership return.” Id., § 6222(c) (emphasis added). The need to conform the individual return to the treatment of a partnership item may arise in either of two ways — either because the individual taxpayer return does not accurately reflect partnership items in the partnership return, or because a TEFRA proceeding results in a different treatment of a partnership item than in the original return. As the Second Circuit noted in Callaway v. Comm’r, 231 F.3d 106, 109-10 (2d Cir.2000):
Such peremptory adjustments of a partner’s return [ (i.e., assessments made without a deficiency notice)] are justified because the partner will already have benefitted from notice of and the right to participate in any proceeding under the TEFRA provisions to determine the partnership items at the partnership level. The IRS may adjust partnership items only at the partnership level and only after following the TEFRA procedures.... After the FPAA adjustments [following the TEFRA procedures] become final ..., the IRS may assess partners with the tax which properly accounts for their distributive share of the adjusted partnership items, without notice, as a computational adjustment.
There is no claim here that the individual taxpayers’ computations failed to reflect the treatment of a partnership item in the partnership return. Nor did the TEFRA proceeding result in any change in the *1336 treatment of a partnership item. The settlement agreement of the TEFRA proceeding stated specifically: “No adjustment to the partnership items shall be made ... for purposes of this settlement.” The fact that there might have been a computational adjustment as a result of the TEFRA proceeding if the partnership losses had been disallowed hardly suggests that a computational adjustment was involved when the parties decided not to make a change to any partnership item. Thus, the “change in liability” of the taxpayer partners did not result from the “treatment ... of a partnership item” but from a change in the treatment of an individual partner level item in the settlement agreement (i.e., the agreement to cap the at-risk amount of the individual partners). Because no partnership item is involved, there can be no computational adjustment.
The majority makes little effort to come to grips with the statutory language defining a “computational adjustment.” Rather, the majority reasons that, “when critical questions of fact have been resolved, the ‘application of that stipulated fact to the tax returns in question requires only computational action.’ ” Maj. Op. at 1330 (quoting Olson v. United States, 172 F.3d 1311, 1318 (Fed.Cir.1999)). But the stipulated facts (or those established in the TEFRA proceeding) must relate to a partnership item, not to an individual partner item. Here, the settlement agreement by its own explicit terms changed only the partner level at-risk amount. The settlement agreement explicitly stipulated that “[n]o adjustment to the partnership items shall be made ... for purposes of this settlement.” Because the settlement agreement then adjusted the at-risk amount, it clearly did not view the at-risk amount as a “partnership item[ ].”
The taxpayers correctly point out that the majority’s approach effectively dispenses with the requirement of a deficiency notice when the change in tax liability is not the result of a change in treatment of a partnership item but results from a change in an individual partner item. The majority’s answer is that § 6230(a) still requires notice if an “affected item ... require[s] partner level determinations” (i.e., if there is an unresolved factual issue concerning individual partner liability). There is none here, says the majority, because the taxpayers stipulated to the at-risk amount, and the tax liability may be calculated by applying this stipulation to the tax payers’ individual returns. But that is not all the statute says. To be exempt from the deficiency notice requirements, § 6230(a) imposes the additional requirement that there be a computational adjustment. See I.R.C. § 6230(a)(1).
The majority remarkably finds support in two decisions by the Second and Sixth Circuits in Callaway, 231 F.3d at 110 n. 4, and Desmet v. Comm’r, 581 F.3d 297, 303-04 (6th Cir.2009), suggesting that these circuit decisions have similarly held that post-settlement adjustments were “computational” when there was “nothing left to do but perform a calculation to determine tax liability.” Maj. Op. at 1331, 1330-31. The majority appears to think that these cases suggest that if an item is not an “affected item” requiring a partner level determination, then it necessarily follows that it is a “computational adjustment.” But neither of these cases suggests that the mere fact that there is not an affected item requiring a partner level determination could dispense with the additional requirement that there be a computational adjustment. Both of these cases acknowledge that there must be a computational adjustment in addition to the separate requirement imposed by § 6230(a)(2)(A)(i) that there be no “affected item[ ] ... which require[s] partner level determinations.”
*1337 The majority appears to be concerned that applying the statute as written will allow taxpayers to relitigate issues resolved by settlement agreements. The basis for this concern is difficult to fathom. A settlement agreement is binding; the requirement of a deficiency notice does nothing to undo such an agreement. It merely requires that the taxpayer receive notice of how the application of the settlement agreement will affect the taxpayer’s tax liability. A right to a deficiency notice has nothing to do with whether there is merit to the taxpayer’s underlying claims.
Because I conclude that a “computational adjustment” was not involved, I need not reach the additional question of whether there was an “affected item” involved requiring a partner level determination. If I am correct that a deficiency notice was required, the question then becomes whether the taxpayers are entitled to a refund because a deficiency notice was not provided. For the reasons stated in the original panel opinion, and as the government agrees, § 6213(a) only provides for an automatic refund in circumstances where the tax is “collected” during a period in which “collecti[on] by levy or through a proceeding in court” is prohibited. In this case, the IRS never initiated collection proceedings against the taxpayers. Indeed, the taxpayers voluntarily paid the assessments and then sued for a refund. The taxpayers do not contend that the amounts paid were not owed if the limitations period had not run when payment was made. If the statute of limitations had not run when the payments were made, the fact that the IRS failed to issue the notice required before the IRS could have assessed or collected the tax does not require a refund. See Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932) (“An overpayment must appear before refund is authorized.”); cf. Jones v. Liberty Glass Co., 332 U.S. 524, 531, 68 S.Ct. 229, 92 L.Ed. 142 (1947) (“[T]he payment of more than is rightfully due is what characterizes an overpayment.”). Our sister circuits have applied Lewis for the principle that the timely payment of taxes properly due is not an overpayment, regardless of whether a timely assessment has been made. See, e.g., Williams-Russell & Johnson Inc. v. United States, 371 F.3d 1350, 1353 (11th Cir.2004) (applying the principles in Lewis and finding “no convincing legal reason why [the taxpayer] should be allowed to recover what it owed and has already properly paid simply because the IRS was lax in it[s] responsibilities” and noting that “it would be nonsensical to allow a taxpayer to recover those taxes now”). However, the government agrees that the running of the statute of limitations before payment may compel a refund. I would remand this case to the Claims Court to address this issue.

. Section 6230(a) provides, in relevant part:
(a) Coordination with deficiency proceedings.—
(1) In general. — Except as provided in paragraph (2) or (3), subchapter B of this chapter [requiring a deficiency notice] shall not apply to the assessment or collection of any computational adjustment.
(2) Deficiency proceedings to apply in certain cases.—
(A) Subchapter B shall apply to any deficiency attributable to — •
(i) affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items), or
(ii) items which have become nonpart-nership items (other than by reason of section 6231(b)(1)(C)) and are described in section 6231(e)(1)(B).
I.R.C. § 6230(a) (emphases added).

. An "affected item" is defined as "any item to the extent such item is affected by a partnership item.” Id., § 6231(a)(5).